**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4041

JOHN ULYSES MANIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-96-106-V)

Submitted: October 10, 1997

Decided: November 10, 1997

Before MURNAGHAN, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Keith M. Stroud, Sr., Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Robert J. Higdon, Jr., Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Ulyses Manis appeals his conviction by jury and sentence for failing to surrender for service of a federal sentence, in violation of 18 U.S.C. § 3146(a)(2) (1994). Manis's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming insufficiency of the evidence to support the conviction, and alleging an error in the jury instructions, but concluding that there are no meritorious grounds for appeal. Manis was notified of his right to file an additional brief, which he did. In his pro se brief, Manis raises the additional claim that his conviction and sentence should be overturned because his indictment was invalid. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

The record of this matter reveals that in a previous case, Manis pled guilty to drug charges and received a prison sentence. He was released and ordered to report to the Bureau of Prisons when notified to serve his sentence, and also to report monthly to the United States Probation office and to notify his probation officer of any change in his address or telephone number. On March 25, 1996, the United States Marshals Service wrote Manis, notifying him that he was to surrender to the Federal Correction Institution in Petersburg, Virginia, no later than noon on April 19, 1996. The letter was addressed to Manis at the last known address he provided, and sent via regular mail. Manis failed to report.

Trial testimony further established that Manis told his son that he was supposed to report to federal authorities on April 19, 1996; that Manis failed to report as directed in the letter; that while he had reported to his probation officer each month before the letter was sent telling him to report to serve his sentence, he failed to report to the probation officer thereafter; that shortly after the date he was to report to serve his sentence, Manis fled his last known address and went to William Harrison's home; that Harrison told him to leave because United States Marshals were looking for him; that Manis later moved in with Ted Pigg, where he used an alias; and that Manis was

2

removed from that home by federal marshals who found Manis hiding when they searched the house.

We find that this evidence is overwhelmingly sufficient to support Manis's conviction, especially when viewed in the light most favorable to the Government.[1] Accordingly, we deny Manis relief on this claim.

We further find that the issue raised as to the propriety of the jury instruction as to willful blindness to be without merit, given that Manis was claiming that he was unaware that he was to report to the federal authorities. See, e.g., United States v. Schnabel, 939 F.2d 197, 203, 204 (4th Cir. 1991). We also conclude that the claim Manis raised pro se as to his indictment is without merit. [2]

Accordingly, we affirm both Manis's conviction and sentence. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

_____

[1] **See Jackson v. Virginia**, 443 U.S. 307, 319 (1979); Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

[2] Manis does not allege that the indictment was facially invalid or was returned by an illegally constituted grand jury, rather that the testimony of one of the United States marshals was "unworthy" insofar as he testified that the notice ordering Manis to report for his sentence was sent via certified mail, with a return receipt having been received by the marshals' office. Manis may not challenge the sufficiency of the evidence to support the indictment on the basis that the evidence presented to the grand jury was insufficient or incompetent. See United States v. Calandra, 414 U.S. 338, 345 (1974).

3